# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LILLY HELENE SCHAFFER, | § § | |
| Plaintiff, | § § | Civil Action No. 4:16-CV-00518 |
| v. | § § | (Judge Mazzant/Judge Johnson) |
| SUNTRUST MORTGAGE, INC. AND THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CWMBS 2005-J4, | § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 1, 2017, the report of the Magistrate Judge (Dkt. 56) was entered containing proposed findings of fact and recommendations that Defendants' Opposed Motion for Attorneys' Fees (Dkt. 53) be granted. Having received the report of the Magistrate Judge (Dkt. 56), having considered Plaintiff's timely filed objections (Dkt. 58), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. 56) as the findings and conclusions of the Court.

## BACKGROUND

On July 18, 2017, the District Court issued a Memorandum Adopting Report and Recommendation of the United States Magistrate Judge granting in part and denying in part Defendants' Motion for Summary Judgment (Dkt. 38). *See* Dkt. 50. The District Court ordered

that all claims against SunTrust Mortgage, Inc., and The Bank of New York Mellon, as trustee for CWMBS 2005-14 ("Defendants"), be dismissed with prejudice, and that Defendants were entitled to possession of the Property and should be granted declaratory relief. *See id*. at 12. The District Court ordered that Defendants' request for attorneys' fees was denied without prejudice, instructing Defendants that if they wished to seek attorneys' fees, they should submit the request in a separate motion, with documentation of the relevant costs. *See id*.

On August 7, 2017, Defendants filed the present Opposed Motion for Attorneys' Fees. *See* Dkt. 53. On August 21, 2017, Lilly Helene Schaffer ("Plaintiff") filed a Response. *See* Dkt. 54. On September 1, 2017, the Report and Recommendation granting attorneys' fees was entered (Dkt 56). On September 14, 2017, Plaintiff's Objections to the Report and Recommendation was filed (Dkt. 58).

## ANALYSIS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). Plaintiff objects that the Magistrate Judge erred for the following reasons: (1) Defendants should not be awarded attorneys' fees and costs because the Report and Recommendation did not address all of Plaintiff's arguments; (2) the Report and Recommendation's analysis of the equities in this case is one-sided and fails to recognize Plaintiff's $1,100.00 monthly payments and equity that have been obtained by Defendants; and (3) the award of attorneys' fees would be inequitable and unreasonable. (Dkt. 58).

**Objection 1: Entitlement to Attorney Fees**

Plaintiff argues the Report and Recommendation failed to address her argument in regard to the Federal Declaratory Judgment Act not providing attorneys' fees. *See* Dkt. 58 at 3. Plaintiff also argues the Report and Recommendation never addressed the issue that the Deed of Trust is not a written lease that supports attorneys' fees in Defendants' forcible detainer counterclaim. *See* Dkt. 58 at 3-4. The Report and Recommendation, however, found Defendants were entitled to attorneys' fees under the Federal Housing Act ("FHA"). *See* Dkt. 56 at 5. As a result, it did not address the other avenues pursuant to which Defendants were seeking fees. Thus, the Court overrules this objection.

**Objection 2: Equities**

Plaintiff argues the equities in this case are one-sided. *See* Dkt. 58 at 4. Specifically, Plaintiff contends the Report and Recommendation failed to recognize Plaintiff's $1,100.00 monthly payments and equity that have been obtained by Defendants. *See id.* This argument is not relevant to Defendants' entitlement to attorneys' fees under the FHA; nor is it relevant to the amount of fees Defendants should be awarded. Accordingly, the Court overrules this objection.

**Objection 3: Equity and Reasonableness**

Plaintiff argues an award of attorneys' fees and costs would be inequitable and unreasonable under this factual scenario. *See* Dkt. 58 at 5-6. Plaintiff argues she is suffering from an incurable disease, is no longer able to function as a physician, and receives only her pension and social security. *See* Dkt. 58 at 5. The Report and Recommendation, however, addressed this issue when it stated, "Plaintiff's request for the Court to exercise its discretion and deny Defendants' Motion does not fall upon deaf ears. However, as Plaintiff notes, the Court found Plaintiff has been unable to make payments since 2013, and yet has been living at the property at

issue, valued at approximately $337, 801.70." *See* Dkt. 56 at 5. Accordingly, this objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. 58), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. 56) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Opposed Motion for Attorneys' Fees (Dkt. 53) is **GRANTED**. Plaintiff shall pay Defendants their costs in the amount of $1,421.17 and attorneys' fees in the amount of $65, 976.00 within ninety (90) days from the date of this Order.

**IT IS SO ORDERED**.
**SIGNED this 30th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE